UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SIEVERT,

        Plaintiff,

  v.                                  Case No. 09-C-418

WENDY NORBERG, et al.,

        Defendants.

## DECISION AND ORDER

       Plaintiff Charles Sievert, a pro se litigant incarcerated under Chapter 980, brings this action to remedy what he claims is a violation of due process and retaliation. He also filed a motion to proceed *in forma pauperis.* 28 U.S.C. § 1915. Under § 1915(e)(2), I maintain a duty to determine at the outset whether the complaint is frivolous or fails to state a claim on which relief may be granted.

       Sievert was disciplined and transferred from Sand Ridge to the Wisconsin Resource Center, where he was placed in a Motivational Assessment Program ("MAP"). He alleges the disciplinary action violated due process because a witness to the incident was actually not a live witness. He further alleges the witness sat on the disciplinary panel, which was another due process violation. Finally, he alleges that his transfer was effectuated in retaliation for his filing of a certiorari action in Juneau County Circuit Court.

       The bulk of the complaint, which is actually a brief, is directed to the alleged due process issue. This claim will be summarily dismissed. Patients under Chapter 980 have no federal liberty

interest in remaining at one facility or another. The fact that there happen to be two such facilities in Wisconsin is purely happenstance – it does not create the need for a hearing or other procedures when a transfer is ordered. As the Seventh Circuit has found:

> *Sandin* teaches that any person already confined may not nickel and dime his way into a federal claim by citing small, incremental deprivations of physical freedom. Sandin's reasoning applies with equal force to persons confined under Chapter 980. In order to state a procedural due process claim deriving from state law, Thielman must identify a right to be free from restraint that imposes atypical and significant hardship in relation to the ordinary incidents of his confinement.

*Thielman v. Leean,* 282 F.3d 478, 484 (7th Cir. 2002) (citing *Sandin v. Conner,* 515 U.S. 472 (1995)).

This means that Chapter 980 patients are not entitled to due process unless the deprivation is atypical and significant in relation to the ordinary incidents of their confinement. Merely being housed at the other Chapter 980 facility does not rise to this level, and this Court has already held that a transfer from WRC *to* Sand Ridge does not implicate any federal liberty interest. *McGee v. Thomas,* No. 06-C-721, 2007 WL 2440990, *4 (E.D. Wis. 2007) ("it is clear that the STW [the Secure Treatment Wing at Sand Ridge] was not materially atypical when compared to the ordinary confinement conditions in a Chapter 980 facility.") Moreover, the MAP is simply a treatment plan that does not itself implicate any liberty interests. Accordingly, this claim will be dismissed.

As noted, Plaintiff also alleges that his transfer was a form of retaliation for his filings with the Juneau County court. Although the transfer occurred soon after his filing in Juneau County, there is no other indication in the complaint of why the named defendant would be desirous of retaliation. To prevail on a First Amendment retaliation claim, Plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that

2

would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). Although an inmate has no protected interest in remaining in a particular prison or facility, he may not be transferred if such an event would likely deter his First Amendment activity. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access to the courts, he has a claim under § 1983.") On its face it is doubtful that the transfer from one Chapter 980 facility to the other would have a sufficiently harsh chilling effect. Moreover, the complaint is wholly silent about any relationship between the Juneau County action and the defendants who may have ordered the transfer. (The complaint names only Wendy Nordberg as a defendant.) Still, a possible inference of the complaint is that there is some relationship and that a transfer could be found to chill First Amendment activity. Accordingly, the claim will be allowed to proceed.

Having considered Plaintiff's motion to proceed *in forma pauperis*, **IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the filing fee is waived. Plaintiff's due process claims are dismissed.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified

3

at 28 C.F.R. §§ 0.114(a)(2), (a)(3)).  Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   1st   day of May, 2009.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge