UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES J. SIEVERT,

    Plaintiff,

v.                                        Case No. 09-C-418

WENDY NORBERG,

    Defendant.

## ORDER

    Plaintiff Charles Sievert, who has been committed to the custody of the Wisconsin Department of Health and Family Services as a sexually violent person pursuant to Chapter 980 of the Wisconsin Statutes, filed this action and was allowed to proceed on a claim that he was transferred from Sand Ridge to the Wisconsin Resource Center in retaliation for his exercise of constitutionally protected rights. Presently before the Court is Sievert's motion for emergency protective and permanent injunction. In fact, Sievert has filed merely a brief setting forth his request for such relief in order to grant him access to the courts. Sievert alleges that the institution's law library is inadequate for his needs because he is limited to accessing the law through CD-Roms which have numerous password blocks to key resources. He claims he has insufficient time and that monitors also interfere with his ability to research his case.

    Crucial to his motion, Sievert does not allege that he has suffered any prejudice. Instead, he claims "legal research often requires browsing through various materials in search of inspiration; tentative theories may have to be abandoned in the course of research in the face of unfamiliar

adverse prejudice." (Brief, ¶ 12.) Thus, it appears that Sievert's objection is to the fact that he cannot simply browse without any limitations through all legal materials that he feels may have some bearing on his case.

The motion will be denied without response from the defendant. Certainly, nothing in Sievert's allegations warrant the kind of emergency relief he is requesting. More importantly, he is in error in his assumption that no showing of prejudice is required. Indeed, the Seventh Circuit has made clear that "as applied to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendant's alleged conduct.'" *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)(quoting *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Sievert's claim that he is denied his right of access because he is not allowed simply to browse through numerous legal materials seeking inspiration from unknown sources is simply inadequate to warrant a response from the defendants. More importantly, it certainly does not constitute grounds for the emergency type of relief his motion requests. Accordingly, his motion is denied.

**SO ORDERED** this __26th__ day of August, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
