UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES J. SIEVERT,

        Plaintiff,

  v.                                     Case No. 09-C-418

WENDY NORBERG,

        Defendant.

# ORDER

      Plaintiff Charles Sievert, who has been committed to the custody of the Wisconsin Department of Health and Family Services as a sexually violent person pursuant to Chapter 980 of the Wisconsin Statutes, filed this action and was allowed to proceed on a claim that he was transferred from Sand Ridge Secure Treatment Center to the Wisconsin Resource Center in retaliation for his exercise of constitutionally protected rights. On October 22, 2009, Sievert filed a document with the Court requesting enforcement a temporary restraining order and/or injunction against defendant Wendy Norberg and non-parties Wayne Haines and Tim Thomas. (Doc. # 16.) Sievert even goes so far as to request that the Court issue a warrant for the arrest of Haines.

      Sievert appears to labor under the mistaken notion that the Court actually entered a temporary restraining order or injunction in this matter, when in fact neither has issued. Review of the docket reveals that on October 9, 2009, Sievert filed a petition on a form used by Wisconsin courts for a temporary restraining order or injunction under Wis. Stat. § 813.125, naming as respondents Norberg, Haines and Thomas. The relief Sievert sought on the form was that

respondents cease giving him "excessive punishments" and stay at least "200 feet away from us as well." (Doc. # 14 at 1.) Sievert's petition will be denied.

Fed. R. Civ. P. 65(b) requires that before a district court issue a temporary restraining order without notice to the adverse party, it have before it an affidavit or verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard. Here, Sievert's vacuous claim in his petition about "excessive punishments" and the fact the respondents apparently come within 200 feet of him (which is unsurprising given the fact they work in the facility at which he is committed) fails to clearly show that he risks injury sufficient to warrant entry of a temporary restraining order. In short, nothing in Sievert's allegations warrant the kind of emergency relief he is requesting, so his petition [Doc. # 14] is **DENIED**. Because the Court has not entered a temporary restraining order or injunction in this case, Sievert's motion to enforce the same [Doc. # 16] is **DENIED**. Finally, the Sievert's request that the Court issue an arrest warrant for Haines is also **DENIED**.

**SO ORDERED** this   4th   day of November, 2009.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge