UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES J. SIEVERT,

        Plaintiff,

  v.                                                Case No. 09-C-418

WENDY NORBERG,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

      Plaintiff Charles Sievert, who has been committed as a sexually violent person pursuant to Chapter 980 of the Wisconsin Statutes, filed this action and was allowed to proceed on a claim that he was transferred from Sand Ridge Secure Treatment Center ("SRSTC") to the Wisconsin Resource Center ("WRC") in retaliation for his exercise of constitutionally protected rights. Specifically, Sievert alleges Defendant Wendy Norberg retaliated against him for filing a certiorari petition in Juneau County Circuit Court. Defendant filed a motion for summary judgment on November 6, 2009, to which Sievert has not responded within the time allowed by the local rules. Civil L.R. 7.1(c); Civil L.R. 56.2(b). For the reasons stated below, the motion will be granted.

      Because Sievert has not responded to defendant's proposed findings of fact, the proposed findings are deemed admitted under Civil L.R. 56.2(e). That rule states that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." This rule echos the well-known requirements of Fed. R. Civ. P. 56. The fact that Sievert is pro se is of no moment. "We construe

pro se filings liberally, but even pro se litigants must follow procedural rules of which they are aware, and district courts have discretion to enforce those rules against such litigants." *Hill v. Thalacker*, 210 Fed.Appx. 513, 515 (7th Cir. 2006) (finding that the district court acted within its discretion when it ignored inmate's proposed findings of fact and deemed defendant's facts admitted). Sievert was informed about these rules in the attachments to the defendant's motion for summary judgment.

Defendant's proposed findings of fact are fatal to Sievert's claim of retaliation. First, the chronology does not square with Sievert's claim, as Norberg signed off on Sievert's Motivational Assessment Program ("MAP") transfer on October 1, 2008, and Sievert did not obtain the state court judge's signature on the writ of certiorari until October 29, 2008, and it was not filed until October 30, 2008. There is also no evidence that Sievert's state court action had any influence on his MAP referral. Additionally, Norberg was unaware of the case, so Sievert's state court litigation could not have been a motivating factor in Norberg's approval of the transfer. Further, Norberg did not initiate the MAP referral process, but merely reviewed the referral process to ensure it was consistent with past practice. Finally, it plainly appears that the reasons for Sievert's referral to the MAP program at the WRC are well documented and undisputed, and there is no support in the record that Sievert's state court action was a motivating factor in this treatment decision.

Plaintiff has not responded to the motion for summary judgment, and accordingly the defendant's explanation of her conduct remains uncontested. Because a retaliation claim turns on the defendant's motivation, and because her non-retaliatory motivation is uncontested, summary judgment is appropriate under Rule 56(e).

Accordingly, the motion for summary judgment is **GRANTED**, and the case is **DISMISSED**.

**SO ORDERED** this    18th    day of December, 2009.

                         s/ William C. Griesbach
                         William C. Griesbach
                         United States District Judge